UNITED STATES DISTRICT COURT

FOR THE

MIDDLE DISTRICT OF LOUISIANA

GILLIAN BEEBE, as guardian for the minor
children WILLIAM P. NEWMAN and GINGER
B. NEWMAN, and, as Administratrix of The
Estate of Lauren Beebe

Civil Action No.:

                                 Plaintiff                       Judge:_____

and

JOSEPH A. CIPPARONE, as Administrator of The
Estate of Billy Wayne Newman,

                                 Plaintiff

versus

                                           Magistrate:_____

TODD HINES,

                               Defendant

COMPLAINT FOR RESTITUTION,
ESTABLISHMENT OF A CONSTRUCTIVE TRUST AND
THE ISSUANCE OF A WRIT OF SEQUESTRATION
_____

      This Complaint is for the restitution of Protective Life insurance proceeds on the life of

Billy Wayne Newman, wrongfully paid to Todd Hines. The Plaintiffs seek rescission of the

change of beneficiary form on his life insurance policy that Billy Wayne Newman signed in

direct contempt and violation of an order of the Superior Court of the State of Connecticut,

Middlesex Judicial District.  The Plaintiffs seek the establishment of a constructive trust on the

life insurance proceeds in favor of the minor children William P. Newman and Ginger B. Newman, through their guardian, Gillian Beebe, on grounds of equitable rescission, unjust enrichment and receipt of a thing not owed.

Plaintiff also pray for the issuance of a writ of sequestration under the laws of the State of Louisiana pursuant to Rule 64 of the Federal Rules of Civil Procedure, disclosure of the location of every account in which the funds are held sufficient for sequestration, an accounting of all Death Benefits funds received, freezing any account or accounts containing those funds, ordering Defendant not to dispose of, waste, dissipate, alienate or expend said funds in any manner and ultimately, seizing the funds improperly paid to Todd Hines.

I.

Plaintiffs herein are:

1)      GILLIAN BEEBE, a resident of and domiciled in the State of Connecticut, appearing herein in her capacity as guardian for the minor children, WILLIAM P. NEWMAN and GINGER B. NEWMAN, the sole heirs of their mother Lauren Beebe, who was shot and killed by her estranged husband, Billy Wayne Newman on November 25, 2015, before taking his own life, and in her capacity as Administratrix of the Estate of Lauren Beebe.   The minor children are also the sole heirs of Billy Wayne Newman.   Attached hereto as Exhibits A and B are the Orders appointing Gillian Beebe Guardian of William P. Newman and Ginger B. Newman, and as Exhibit C, the Order appointing her as the Administratrix of the

2

Estate of Lauren Beebe.

2)      Joseph A. Cipparone, a resident of and domiciled in the State of Connecticut, appearing herein in his capacity as the Administrator of the Estate of Billy Wayne Newman.  Attached hereto as Exhibit D is the Order appointing him as the Administrator of the Estate of Billy Wayne Newman.

II.

Made Defendant herein is Todd Hines, a resident of and domiciled in the State of Louisiana, Parish of East Baton Rouge.

III.

Jurisdiction in this Court is proper under 28 U.S.C. 1332, as there is complete diversity of citizenship between the Plaintiffs and Defendant, and the amount in controversy is in excess of seventy-five thousand ($75,000.00) dollars.

IV.

Lauren Beebe commenced an action for divorce from Billy Newman in October of 2015 in Connecticut Superior Court for the Middlesex Judicial District.

V.

Billy Newman was served with the Summons, and Complaint for Divorce, along with the Court's Automatic Orders, on October 30, 2015, as more fully shown by the return of the Marshall for Middlesex County, Richard Albrecht, attached hereto as Exhibit E.

VI.

The Automatic Orders, which remain in effect throughout the pendency of the divorce proceedings, specifically and expressly prohibited Billy Newman from changing the beneficiary of any life insurance policy, ordering that, "Neither party shall change the beneficiaries of any existing life insurance policies, and each party shall maintain the existing life insurance, automobile insurance, homeowner's or renter's insurance policies in full force and effect".  See paragraph No. 8 of Automatic Orders, Exhibit E.

VII.

At the time Billy Newman was served with the Summons, Complaint for Divorce and Automatic Orders, he had in effect a term life insurance policy from Protective Life Insurance Company, Policy No. PL0899332, with a Death Benefit in the amount of $500,000, for which Lauren Beebe was the named Primary Beneficiary, with no Contingent Beneficiary, as shown on Exhibit F, attached hereto and made a part hereof.

VIII.

After being served with the Summons, Complaint for Divorce and Automatic Orders, Billy Newman, along with Defendant, Todd Hines, traveled from Connecticut to Baton Rouge, Louisiana, where Billy Newman unlawfully obtained a firearm, the one he eventually used to take the life of Lauren Beebe and with which he thereafter took his own life. In Louisiana, on November 13, 2015, he changed title to a 2007 van from that of Lauren Beebe to himself, as is shown on Exhibit G, and left it with Defendant Todd Hines, to use with Southern Pottery

Equipment & Supplies, LLC ("Southern Pottery"), a business in which they were both limited

liability company members.  On that same day, November 13, 2015, Newman intentionally and

in blatant disregard and violation of the Superior Court's Automatic Orders changed the

beneficiary of a policy of insurance on his life from Lauren Beebe to Defendant, Todd Hines, as

is shown on Exhibit H, attached hereto and made a part hereof.   As shown on Exhibit H, the

change in beneficiary form was sent via facsimile from Southern Pottery.

IX.

On November 25, 2015, after returning to Connecticut, and after having unlawfully

changed the beneficiary on the policy of his life insurance from Lauren Beebe to Defendant

Todd Hines, Billy Newman shot and killed his wife at their Connecticut home, and then took

his own life.

X.

On December 14, 2015, less than three weeks after the murder suicide referenced above,

Defendant, Todd Hines, without notice to Plaintiffs, filed a claim with Protective Life Insurance

Company for the $500,000.00 death benefits, and elected to receive a draft account that would

provide him with a check book and immediate access to the funds, as shown on Exhibit I.

XI.

On January 16, 2016, Protective Life established an interest bearing draft account in the

name of Defendant, Todd Hines, in the amount of $502, 301.37, and sent him with a checkbook

with which he would have immediate access to the funds paid as Death Benefits under the

5

policy, as is shown on Exhibit J.

XII.

Lauren Beebe died intestate, and under Connecticut law, Connecticut General Statutes, Section 45a-348, Distribution to Children, her sole heirs are her minor children, WILLIAM P. NEWMAN and GINGER B. NEWMAN.

XIII.

Billy Wayne Newman died intestate, and likewise, under Connecticut law, Connecticut General Statutes, Section 45a-348, Distribution to Children, his sole heirs are his minor children, WILLIAM P. NEWMAN and GINGER B. NEWMAN.

XIV.

Under Louisiana's Conflict of Laws provisions, Louisiana Civil Code Article 3515, et seq, to which this Court must look, the laws of the State of Connecticut govern this matter, as its policies would be the most seriously impaired if its laws were not applied.

XV.

Under Connecticut jurisprudence, an equitable interest in the life insurance policy on Billy Newman vested in Lauren Beebe upon service of the Automatic Orders on Billy Wayne Newman, which equitable interest belong to her sole heirs, WILLIAM P. NEWMAN and GINGER B. NEWMAN.

XVI.

The purported change of beneficiary by Billy Wayne Newman on November 13, 2015, being in knowing and willful violation of and in complete disregard for a valid court order, and performed in abject contempt of court, was null and void and of no effect.

XVII.

Under Connecticut jurisprudence, Defendant, Todd Hines, is under an equitable duty to convey the death benefit proceeds to WILLIAM P. NEWMAN and GINGER B. NEWMAN on the ground that he would be unjustly enriched if he were permitted to retain the death benefits because of the bad faith and fraud of Billy Wayne Newman's willful and deliberate violation of the Automatic Orders of the Connecticut Superior Court.

XVIII.

Under Connecticut jurisprudence, the life insurance proceeds having been acquired by the Defendant, Todd Hines, under such circumstances, he may not in good conscience retain the beneficial interest in the life insurance proceeds.  Equity converts Todd Hines into a trustee, and a constructive trust on the death benefits was created in favor of the minor children, WILLIAM P. NEWMAN and GINGER B. NEWMAN as an equitable remedy, as sole heirs of Lauren Beebe and/or Billy Wayne Newman.

XIX.

And now, pursuant to Rule 64 of the Federal Rules of Civil Procedure, Plaintiffs prays for a Writ of Sequestration of the death benefit proceeds payable on the life of Billy Wayne

Newman that were improperly obtained by Defendant, Todd Hines, as authorized by Louisiana Code of Civil Procedure Articles 3571 et seq, and that he be ordered to disclose the location and identify the account numbers in which the life insurance proceeds are located, preserve said proceeds, and not dispose of, dissipate, waste, expend or secret any of said funds on the grounds that under the facts of this verified Complaint, the Plaintiffs were vested with an equitable interest in said proceeds and a constructive trust thereby created in favor of WILLIAM P. NEWMAN AND GINGER B. NEWMAN, and it is solely within Defendant's power to conceal, dispose of, waste, or dissipate the Death Benefits on which Plaintiffs claim a constructive trust in favor WILLIAM P. NEWMAN AND GINGER B. NEWMAN, and in fact there is an imminent danger that Defendant may conceal, dispose of, dissipate, or otherwise secret the death benefits wrongly obtained by him.

Respectfully submitted,

HYMEL, DAVID & PETERSEN, LLC

s/ L.J. Hymel
L.J. Hymel, T.A.  (La. Bar # 07137)
Michael Davis (La. Bar #17529 )
10602 Coursey Boulevard
Baton Rouge, Louisiana 70816
Telephone 225-298-8118
Facsimile 225-298-8119

s/Timothy W. Cerniglia

Timothy W. Cerniglia (La Bar No. 03964)
1521 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone 504 - 586-0555
Facsimile 504-586-0550

Attorneys for Plaintiffs

State of Connecticut          )
                              ) ss:  New London
County of New London          )

Before Me, the undersigned authority personally came and appeared, Gillian Beebe, who after being sworn did depose and say that she has read the foregoing Complaint, that she has knowledge of the facts stated therein, and the facts are true and correct to the best of her knowledge, information and belief, this 27th day of April 2016.

_____
Gillian Beebe



_____
Deborah A. Ruttkamp
Notary Public
My commission Expires: 09/30/2018

9

State of Connecticut        )
                            ) ss:  New London
County of New London        )

Before Me, the undersigned authority personally came and appeared, Joseph A. Cipparone, who after being sworn did depose and say that he has read the foregoing Complaint, that he has knowledge of the facts stated therein, and the facts are true and correct to the best of his knowledge, information and belief, this 27th day of April 2016.

_____
Joseph A. Cipparone



_____
Deborah A. Ruttkamp
Notary Public
My commission Expires: 09/30/2018

10