UNITED STATES DISTRICT COURT

FOR THE

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GILLIAN BEEBE, as guardian for the minor children, WILLIAM P. NEWMAN and GINGER B. NEWMAN, and, as Administratrix of The Estate of Lauren Beebe<br>**Plaintiff**<br><br>and<br><br>JOSEPH A. CIPPARONE, as Administrator of The Estate of Billy Wayne Newman,<br>**Plaintiff**<br><br>versus<br><br>TODD HINES,<br>**Defendant** | Civil Action No.:<br>16-CV-295-JJB-EWD |

## ANSWER TO PLAINTIFFS'
## COMPLAINT FOR RESTITUTION,
## ESTABLISHMENT OF A CONSTRUCTIVE TRUST, AND
## THE ISSUANCE OF A WRIT OF SEQUESTRATION

**NOW INTO COURT,** through undersigned counsel, comes Todd Hines, named a defendant herein, who answers the Complaint for Restitution, Establishment of a Constructive Trust, and the Issuance of a Writ of Sequestration as follows:

**I.**

The allegations of Paragraph I of the Complaint are admitted in that Lauren Beebe was shot and killed by her estranged husband, Billy Wayne Newman, on November 25, 2015, before he took his own life; and that William P. Newman and Ginger B Newman were the children of Lauren Beebe and Billy Wayne Newman; all other allegations of Paragraph I not specifically admitted are denied for lack of sufficient information or knowledge to form a belief therein.

**II.**

The allegations of Paragraph II are admitted in that Todd Hines is a resident of and domiciled in the Parish of East Baton Rouge, State of Louisiana.

**III.**

The allegations of Paragraph III are admitted in that jurisdiction of this Court is proper under 28 U.S.C. 1332, as there is complete diversity of citizenship between the Plaintiffs and Defendant, and the amount in controversy is in excess of seventy-five thousand ($75,000.00) dollars.

**IV.**

The allegations of Paragraph IV are admitted in that Lauren Beebe commenced an action for divorce from Billy Newman; all other allegations of Paragraph IV not specifically admitted are denied for lack of sufficient knowledge or information to form a belief therein.

**V.**

The allegations of Paragraph V require neither an admission nor denial from the Defendant herein and Defendant avers that the document(s) referred to are the best evidence thereof; nevertheless, out of an abundance of caution, the allegations of Paragraph V not specifically admitted are denied for lack of sufficient knowledge or information to form a belief therein.

**VI.**

The allegations of Paragraph VI require neither an admission nor denial from the Defendant herein and Defendant avers that the document(s) referred to are the best evidence thereof; nevertheless, out of an abundance of caution, the allegations of Paragraph VI not specifically admitted are denied for lack of sufficient knowledge or information to form a belief therein.

## VII.

The allegations of Paragraph VII require neither an admission nor denial from the Defendant herein and Defendant avers that the document(s) referred to are the best evidence thereof; nevertheless, out of an abundance of caution, the allegations of Paragraph VII not specifically admitted are denied for lack of sufficient knowledge or information to form a belief therein.

## VIII.

The allegations of Paragraph VIII are admitted in that Billy Newman traveled from Connecticut to Baton Rouge, Louisiana, and that a 2007 van was left with defendant, Todd Hines for use with Southern Pottery Equipment & Supplies, LLC, a limited liability company of which both Billy Newman and Todd Hines were members. All other allegations of Paragraph VIII require neither an admission nor denial from the Defendant herein and Defendant avers that the document(s) referred to are the best evidence thereof; nevertheless, out of an abundance of caution, the allegations of Paragraph VIII not specifically admitted are denied for lack of sufficient knowledge or information to form a belief therein.

## IX.

The allegations of Paragraph IX are admitted in that on November 25, 2015, Billy Newman shot and killed Lauren Beebe, his wife, in Connecticut and then took his own life; out of an abundance of caution, all other allegations of Paragraph IX not specifically admitted are denied for lack of sufficient knowledge or information to form a belief therein.

## X.

The allegations of Paragraph X are admitted in that Defendant, Todd Hines, filed a claim with Protective Life Insurance Company, for the $500,000.00 death benefits, and elected to receive

a draft account that would provide him with a check book and access to the funds. And for further answer, Defendant avers that the document(s) referred to are the best evidence thereof. All other allegations of Paragraph X not specifically answered are denied.

## XI.

The allegations of Paragraph XI are admitted in that Protective Life established an interest bearing draft account in the name of Defendant, Todd Hines, and sent him a checkbook with which he would have immediate access to the Death Benefits under the Protective Life insurance policy. And for further answer, Defendant avers that the document(s) referred to are the best evidence thereof. All other allegations of Paragraph XI not specifically answered are denied.

## XII.

The allegations of Paragraph XII require neither an admission nor denial from the Defendant herein as they call for a conclusion of law; nevertheless, out of an abundance of caution, the allegations of Paragraph XII are denied for lack of sufficient knowledge or information to form a belief therein.

## XIII.

The allegations of Paragraph XIII require neither an admission nor denial from the Defendant herein as they call for a conclusion of law; nevertheless, out of an abundance of caution, the allegations of Paragraph XIII are denied for lack of sufficient knowledge or information to form a belief therein.

## XIV.

The allegations of Paragraph XIV require neither an admission nor denial from the Defendant herein as they call for a conclusion of law; nevertheless, out of an abundance of caution,

the allegations of Paragraph XII are denied for lack of sufficient knowledge or information to form a belief therein.

## XV.

The allegations of Paragraph XV require neither an admission nor denial from the Defendant herein as they call for a conclusion of law; nevertheless, out of an abundance of caution, the allegations of Paragraph XV are denied for lack of sufficient knowledge or information to form a belief therein.

## XVI.

The allegations of Paragraph XVI require neither an admission nor denial from the Defendant herein as they call for a conclusion of law; nevertheless, out of an abundance of caution, the allegations of Paragraph XVI are denied for lack of sufficient knowledge or information to form a belief therein.

## XVII.

The allegations of Paragraph XVII require neither an admission nor denial from the Defendant herein as they call for a conclusion of law; nevertheless, out of an abundance of caution, the allegations of Paragraph XVII are denied for lack of sufficient knowledge or information to form a belief therein.

## XVIII.

The allegations of Paragraph XVIII require neither an admission nor denial from the Defendant herein as they call for a conclusion of law; nevertheless, out of an abundance of caution, the allegations of Paragraph XVIII are denied for lack of sufficient knowledge or information to form a belief therein.

## XIX.

The allegations of Paragraph XIX require neither an admission nor denial from the Defendant herein as they call for a conclusion of law; nevertheless, out of an abundance of caution, the allegations of Paragraph XVI are denied for lack of sufficient knowledge or information to form a belief therein.

**AND NOW FOR FURTHER ANSWER** to the Complaint for Restitution, Establishment of a Constructive Trust, and the Issuance of a Writ of Sequestration, Defendant, Todd Hines, represents that all funds sought herein have been surrendered to the U.S. Marshall pursuant to the Writ of Sequestration issued herein.

**AND NOW FOR FURTHER ANSWER** to the Complaint for Restitution, Establishment of a Constructive Trust, and the Issuance of a Writ of Sequestration, Defendant, Todd Hines, hereby asserts the following defense(s):

## A.

If it is shown that the Plaintiffs have failed to mitigate any damages to which they may be entitled, then Defendant pleads such as an affirmative defense.

**WHEREFORE,** the above premises considered, Defendant, Todd Hines, prays that this Answer be deemed good and sufficient and that after the lapse of all legal delays and due proceedings be held herein, there be judgment herein in favor of the Defendant, Todd Hines, and against the Plaintiffs, dismissing their demands with prejudice at their costs; and, in the alternative, any award rendered to the Plaintiffs be reduced in proportion to the degree or percentage of negligence which may attributed to the Plaintiffs, and for all general and equitable relief.

Respectfully submitted,

CORONA & BONURA, LLP

/s/ Philip R. Adams, Jr.
PHILIP R. ADAMS, JR.
**Special Counsel**
La. Bar # 25549
3801 N. Causeway Blvd., Ste. 207
Metairie, LA 70002
(504) 833-8949
Fax: (504) 833-7630

## CERTIFICATE

I hereby certify that the above and foregoing has been served upon all counsel of record by operation of the Court's electronic filing system, this 10th day of June, 2016.

/s/ Philip R. Adams, Jr.
PHILIP R. ADAMS, JR.